IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Harry Ronald Seay, | ) | Civil Action No. 4:10-cv-70276 |
| | ) | Criminal Action No. 4:06-cr-84 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the *pro se* Petitioner Harry Ronald Seay's (hereinafter "Seay" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). As the record reflects, on January 24, 2006, a federal Grand Jury returned an Indictment which charged the Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On April 3, 2006, pursuant to a plea agreement, Petitioner pled guilty. On September 18, 2007, Petitioner was sentenced to ninety-six months imprisonment, to be followed by 3 years of Supervised Release. This Judgment was signed by the Court on October 16, 2007. (Doc. # 89). Petitioner filed a Notice of Appeal on October 17, 2007. The Fourth Circuit denied Defendant's appeal and affirmed the judgment of this Court's by published opinion decided January 26, 2009. (Doc. # 105).

1

The Petitioner, who is appearing pro se, filed the present action on October 4, 2010, alleging a single ground for relief. (Doc. # 110).[1] The Government filed a motion for summary judgment with supporting memorandum in response Petitioner's motion to vacate under 28 U.S.C. § 2255 on November 5, 2010. (Doc. # 114). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed November 23, 2010, that he had thirty-four days to file any material in opposition to the motion for summary judgment. (Doc. # 115). The Petitioner filed a response to the Government's motion for summary judgment on January 20, 2011. (Doc. # 117). On March 7, 2011, Petitioner filed a motion to amend his Petition.[2] This matter is ready for disposition.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255.

---

[1] The Court notes that in Petitioner's Petition, he requests that an attorney be appointed to represent him pursuant to 18 USC 3006(a)(2)(B). This Court has carefully reviewed the Petitioner's request and the applicable law. There is no general right to appointed habeas counsel. Pennsylvania v. Farley, 481 U.S. 551, 555 (1990). However, counsel may be appointed in a § 2255 proceeding if the Court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This Court does not find that the interests of justice require appointment of a lawyer in this case. Accordingly, Petitioner's request to have counsel appointed is denied.

[2] This motion is **GRANTED**. The Court has fully considered all filings and arguments raised by Petitioner.

Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The Government filed a motion for summary judgment with supporting memorandum as to the ground for relief raised by Petitioner. (Doc. # 114). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial

responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce specific facts showing that there is a genuine issue for trial, rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56; see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION AND ANALYSIS

The Petitioner has filed this action asserting the following claim:

Illegal sentence-a violation of the Fair Principle and Due Process clause of the 5th and 14th Amendments of the Federal Constitution. My PSI said that I had a previous crime of violence -my 1999 North Carolina Felony Stalking Conviction. So U.S.S.G. 2k2.1 would apply. increasing the base offense level from 14 to 20 and increasing my range of months from 27 to 33 to 46 to 57. At sentencing and on direct appeal I challenged that it was a conviction. It was not supposed to be one. It sure was obtained by a involentary [sic] and unknowing plea, a violation of the 5th and 14th Amendments Due Process Clause of the Federal Constitution.

In Petitioner's "Motion: to amend motion pursuant to 28 U.S.C. 2255," Petitioner indicates that:

Movant no longer seeks to have his 1999 north carolina felony stalking conviction vacated by this court, and then be resentenced. Movant seeks only to be resentenced without the felony stalking being considered because of the substantial question of its constitutionality.
. . .

> Movant sentence is illegal because of the use of the unconstitutional 1999 north carolina felony stalking conviction to enhance it, and that violates the Due Process Clause of the 5th and 14th Amendments of the Federal constitution.

With regards to Petitioner's first ground for relief, in his initial Petition, Petitioner appears to argue that his enhanced sentence under U.S.S.G. § 2K2.1 was improper because it was based on a 1999 stalking conviction that Petitioner claims (1) was not actually a conviction and (2) was obtained by an involuntary and unknowing plea. In Petitioner's March 7, 2011 filing, Petitioner asks that he be re-sentenced without consideration of his 1999 felony stalking conviction, which he asserts is unconstitutional. In its response in opposition to the Petitioner's Petition, the Government asserts that the United States Court of Appeals for the Fourth Circuit ruled on Defendant's direct appeal that the sentencing court correctly counted the 1999 stalking conviction as a "crime of violence." The Government asserts that this ruling becomes the "law of the case," which cannot be upset by a post-conviction motion. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) ("[O]nce the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case . . . ."). The Government also asserts that Petitioner cannot use § 2255 to attack the constitutionality of his state felony stalking conviction. The Court will address the parties' positions in turn.

Defendant's presentence investigation report ("PSI") determined that his 1999 North Carolina conviction for felony stalking was a crime of violence, setting his base offense level at 20 under U.S.S.G. § 2K2.1(a)(4)(A). Section 2K2.1(a)(4)(A) of the Sentencing Guidelines fixes a defendant's base offense level at level 20 if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of ... *a crime of violence,*" U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added), and a "crime of violence" is defined in U.S.S.G. § 4B1.2(a) as: any offense under federal or

state law, punishable by imprisonment for a term exceeding one year, that-(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. The commentary to §4B1.2, which is also authoritative, see Stinson v. United States, 508 U.S. 36, 38 (1993); United States v. Payton, 28 F.3d 17, 19 (4th Cir.1994), provides an expanded list of crimes that are crimes of violence, including "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2, application note 1.

After affording Defendant a three-level reduction for acceptance of responsibility (resulting in a total offense level of 17), the PSI calculated his Guidelines range at 46 to 57 months (based on a criminal history category of V). On September 18, 2007, the district court conducted Defendant's sentencing hearing. The court adopted the findings of the PSI and granted the Government's motion for an upward variance based on the nature and circumstances of Defendant's offense, Defendant's history and characteristics, and the need to protect the public from future crimes. Specifically, the court imposed a five-level upward variance (to offense level 22) and sentenced Defendant to 96 months imprisonment, the high end of the corresponding Guidelines range.

Defendant pursued a direct appeal, challenging (1) the district court's finding that the North Carolina offense of felony stalking is a crime of violence, (2) the admission at sentencing of a threat assessment report prepared by a law enforcement agent, and (3) the reasonableness of his variance sentence. On January 26, 2009, the Fourth Circuit issued a published opinion affirming Defendant's

sentence in all respects. United States v. Say, 553 F.3d 732 (4th Cir. 2009); (Doc. # 105).[3]

As an initial matter, to the extent Petitioner seeks to challenge the substantive ruling of whether his felony stalking conviction qualifies as crime of violence for purposes of U.S.S.G. § 2K2.1(a)(4)(A), Petitioner cannot relitigate this issue here on collateral review as it has already been decided by the Fourth Circuit, and there has been no intervening change in the law. A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cert denied, 429 U.S. 863 (1976). An exception occurs where there has been an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974). In Boeckenhaupt, the Fourth Circuit has held that those claims that were decided on direct appeal may not be asserted again in collateral proceedings. Id. (explaining that defendant cannot relitigate issues previously rejected on direct appeal); U.S. v. Liverman, 1999 WL 476464, *1 (4th Cir. 1999)(noting that where a petitioner fully and fairly litigated on direct appeal whether his plea was entered knowingly and voluntarily, the issue would not be subject to collateral review). Accordingly, Petitioner cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See U.S. v. Huffstetler, 2006 WL 3007374 *1 (D. S.C. 2006).

As to Petitioner's assertions in his initial Petition that his 1999 North Carolina felony stalking conviction was not a "conviction," as he received only a "prayer for judgment continued," the Court finds this assertion to be without sufficient merit. A deferred judgment such as a prayer for judgment continued is a diversionary disposition that counts as a prior sentence under the Guidelines. U.S.S.G.

---

[3]Defendant filed a petition for *certiorari*, which the United States Supreme Court denied on October 5, 2009. Say v. United States, 130 S.C. 127, No. 08-10729 (Oct. 5, 2009).

§ 4A1.2(f) provides: "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." Defendant's PSI reflects that he was represented by counsel for his 1999 felony stalking offense and entered a plea of no contest. This Court concludes that the 1999 felony stalking conviction for which the disposition was a prayer for judgment continued was correctly considered as a conviction for Guidelines purposes. See United States v. Nichols, 182 F.3d 911 (4th Cir. 1999) (per curiam table decision) (holding that state prayer for judgment continued was properly counted in calculating in defendant's criminal history score); United States v. Truesdale, 78 F.3d 580 (4th Cir. 1996) (per curiam table decision) (same).

Finally, as to Petitioner's assertions in his initial petition that his plea of no contest to the 1999 felony stalking offense was involuntary and unknowing because he did not understand that he would have a felony conviction on his record as a result of his plea; and Petitioner's arguments in his Motion to Amend that his 1999 felony stalking conviction is unconstitutional, the Court finds these arguments to be without sufficient merit. In reaching this conclusion, the Court has carefully considered Petitioner's arguments, the record in this case and the relevant legal authority. The Court specifically notes the Supreme Court case of Daniels v. United States, 532 U.S. 374, 376 (2001) and finds it to be instructive on these issues raised by Petitioner. In Daniels, the Supreme Court held that, as a general rule, a defendant may not challenge his federal sentence through a motion under 28 U.S.C. § 2255 on the ground that a prior state court conviction was unconstitutionally obtained. In Daniels, Petitioner filed a 28 U.S.C.A. § 2255 Petition in which he asserted that his current federal sentence was imposed in violation of the Constitution because it was based in part on his

1978 and 1981 robbery convictions. Those prior convictions, he alleged, were themselves unconstitutional because they both were based on guilty pleas that were not knowing and voluntary, and because the 1981 conviction was also the product of ineffective assistance of counsel. The Daniels Court rejected Petitioner's arguments and ultimately concluded that Petitioner's federal sentence was properly enhanced pursuant to the Armed Career Criminal Act (hereinafter "ACCA") based on his four facially valid prior state convictions. In reaching this conclusion, the Daniels Court indicated as follows:

> Thus we have held that if, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence. See Custis, 511 U.S., at 497, 114 S.C. 1732. This rule is subject to only one exception: If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. Id., at 496, 114 S.C. 1732. No other constitutional challenge to a prior conviction may be raised in the sentencing forum. Id., at 497, 114 S.C. 1732.
>
> After an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. In Custis, we noted the possibility that the petitioner there, who was still in custody on his prior convictions, could "attack his state sentences [in state court] or through federal habeas review." Ibid. If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. As in Custis, we express no opinion on the appropriate disposition of such an application. Cf. ibid.
>
> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding. See United States v. Frady, 456 U.S. 152, 167-168, 102 S.C. 1584, 71 L.Ed.2d 816 (1982) (holding that procedural default rules developed in the habeas corpus context apply in § 2255 cases); see also Reed v. Farley, 512 U.S. 339, 354-355, 114 S.C. 2291, 129 L.Ed.2d 277 (1994).
>
> Daniels v. U.S., 532 U.S. 374, 382-383 (U.S. 2001).

9

As noted in Daniels, "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." Id. at 382. "The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." Id.

Here Petitioner argues that his plea to the 1999 felony stalking offense was unknowing and involuntary due to his attorney's assurances that he would not have a felony conviction on his record, and that his 1999 felony stalking conviction is unconstitutional. These claims are similar to the type of claim the Supreme Court refused to entertain in Daniels's § 2255 motion. See id. at 384 ("The sole basis on which petitioner Daniels challenges his current federal sentence is that two of his prior state convictions were the products of inadequate guilty pleas and ineffective assistance of counsel."). Because Petitioner has not successfully sought direct or collateral relief as to his felony stalking conviction, § 2255 offers no recourse to him. See Attachments to Doc. # 113.

## CONCLUSION

In conclusion, after careful review and consideration of the entire record in this case, the relevant legal authority, and the arguments and positions of the parties, the Court concludes that Petitioner is not entitled to relief under § 2255. Accordingly, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**; Respondent's motion for summary judgment is **GRANTED** (Doc. # 114), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                          s/ Terry L. Wooten
                                         **TERRY L. WOOTEN**
                            **UNITED STATES DISTRICT COURT JUDGE**

March 11, 2011
Florence, South Carolina